# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

**RENEL BREWER,**

*Petitioner/Appellant,*

*-v.-*

**MIKE MULLIN,**

*Respondent/Appellee.*

CASE NO.   05-5074

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Hon. Claire V. Eagan, United States District Judge

District Court Case No. 02-CV-0545-CVE

### PETITION FOR PANEL REHEARING

*Stanley D. Monroe, Attorney at Law*
OBA # 6305
15 W. 6th Street, Suite 2112
Tulsa, Oklahoma 74119
918/592-1144

*Attorney for Petitioner Renel Brewer*

# TABLE OF CONTENTS

Table Of Authorities ................................................................................... 3

Procedural History ..................................................................................... 5

Summary Of Argument.............................................................................. 6

   I. Sufficiency Of The Evidence At Trial ................................................. 6

   II. The Admission Of Prejudicial Evidence Resulted In A Denial Of The Petitioner's Right To Due Process ............................................................ 9

   III. The Misconduct Of The Prosecutors Denied The Appellant His Due Process Rights. ........................................................................................12

Conclusion ................................................................................................13

Certification Of Conformity Of Privacy Policy And Of Email Brief And Virus Protection .......................................................................................14

Certificate Of Service................................................................................14

# TABLE OF AUTHORITIES

### CASES

Avery v. State, 723 P.2d 9889 (Okla. Crim. App. 1986) ---------------------- 5

Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)----------------------------- 12

Deats v. Rodriguez, 477 F. 2d 1023 (10th Cir. 1973)------------------------- 11

Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974) -------------------- 11

Duvall v. Reynolds, 139 F. 3d 768, 787 (10th Cir. 1998) --------------------- 9

Gilson v. State, 2000 OK CR 14, 8 P. 3d 883 ------------------------------------ 9

Hawkins v. Mullin, 291 F. 3d 658 (10th Cir. 2002)----------------------------- 11

Jackson v. Virginia, 443 U.S. 307 (1979)-------------------------------------- 5

Mitchell v. Prunty, 107 F.3d 1337, 1342 (9th Cir.), cert. denied, 118 S.Ct.
   295 (1997)---------------------------------------------------------------- 10

Piaskowski v. Bett, 256 F. 3d 687, 693 (7th Cir. 2001) ---------------------- 8

Sanders/Miller v. State, 710 F.2d 645 (10th Cir. 1983) ---------------------- 7

Santamaria v. Horsley, 133 F.3d 1242 (9th Cir. 1988) (en banc) ------------- 10

Smallwood v. Gibson, 191 F.3d 1257, 1276 (10th Cir. 1999)----------------- 11

Taylor v. State, 889 P. 2d 328 (Okla. Crim. 1995) ---------------------------- 9

U.S. v. Jones, 44 F. 3d 860 (10th Cir. 1995) --------------------------------- 8

United States v. Arnold, 425 F. 2d 204 (10th Cir. 1970) ---------------------- 11

United States v. Garcia, 151 F.3d 1243 (9th Cir. 1998) ---------------------- 10

United States v. Nolan, 416 F. 2d 588 (10th Cir. 1969) ----------------------- 11

Wainwright v. Greenfield, 474 U.S. 284 (1986)-------------------------------- 12

Mr. Brewer petitions this Court for a rehearing before the panel assigned to this case, and would inform the Court of the following, to-wit:

1. On February 27, 2006, this Court entered an Order of dismissal of this appeal, finding that Appellant "failed to make 'a substantial showing of the denial of a constitutional right,'" and denied the request for a certificate of appealability. (Order, page 1, attached).

2. Petitioner believes that the Court has overlooked several of the points of law raised, or misapprehended the facts as detailed below, and respectfully requests the Court to reconsider its decision.

**PROCEDURAL HISTORY**

Petitioner was convicted in the District Court of Tulsa County, Oklahoma, of Murder in the First Degree and Shooting with Intent to Kill, following a trial by jury, and was sentenced on December 20, 1999. The convictions and sentences were affirmed by the Oklahoma Court of Criminal Appeals on July 12, 2001. He timely filed his Petition for Writ of Habeas Corpus, and on April 18, 2005, the District Court for the Northern District of Oklahoma, Hon. Claire V. Eagan, denied the Petition, and a certificate of appealability. Relief was then sought before this Court.

## SUMMARY OF ARGUMENT

The record is devoid of evidence supporting the verdicts. and this Court's order, as well as the order of the District Court, fails to acknowledge that Petitioner was denied due process of law by reason thereof. In addition, there were legal arguments raised in the request for a certificate of appealability, and authorities cited, which were overlooked by the Court, and Petitioner's substantial constitutional rights were adversely affected thereby.

I. **SUFFICIENCY OF THE EVIDENCE AT TRIAL**

To obtain a conviction upon a specific intent crime in Oklahoma courts, the State must prove either that the defendant himself intentionally committed the acts, or that he aided and abetted a co-defendant in the commission of the crimes by acts, words or gestures of the defendant encouraging, procuring, aiding, assisting, or advising the co-defendant in the commission of the crimes. *Avery v. State*, 723 P.2d 9889 (Okla. Crim. App. 1986). At no point throughout the trial was there sufficient evidence to prove the necessary elements required for a finding of guilt with respect to the Petitioner. *Jackson v. Virginia*, 443 U.S. 307 (1979).

The only evidence, which does not rise to the level of even a preponderance of the evidence, is that Petitioner accompanied Mr. Payne to

a sporting goods store to purchase ammunition, several days before the shooting, having no knowledge that Payne was going to commit these acts. Petitioner did not purchase the ammunition, there is no evidence of conversation as to the future use of the ammunition, and there is no evidence or any inferences that the ammunition was being purchased for any illegal purposes.

There simply was no evidence that Petitioner had any knowledge of the upcoming events; there is no testimony provided to prove such knowledge, and there are no inference that Mr. Brewer was aware of Mr. Payne's intentions up and until the incident occurred. Absent any such evidence of knowledge prior to the incident with regards to Mr. Brewer, the mere fact that he was present when Defendant Payne bought the ammunition does not prove intent to <u>commit these crimes</u>.

The District Court made a point that in the trial transcript, the testimony of eyewitness KeJuan Reed, Mr. Brewer made a reference to the fact that the occupants of the Cadillac "[l]ooks like some Bloods." (Trial trans. P. 180)  However, the District Court omitted the following excerpts from the testimony of the same witness:

"Q    How do you respond to that?
A     I said, no, it doesn't look like them.
              * * *

7

Q    After you told Renel Brewer that they weren't Bloods, what was said then?

A    That's when I kind of asked Johnny, was (sic) they Bloods?

Q    How did Johnny respond?

A    He told me no.

\* \* \*

Q    What happened then?

A    Renel Brewer was ready to go.

Q    And what does Renel Brewer do in the Jeep?

A    He pulls off." (*Id*. Pages 180 – 183).

If anything, the foregoing establishes that Mr. Brewer actually disavowed any desire to harm the occupants of the Cadillac, rather than encouraging Mr. Payne to shoot them. Yes, Mr. Brewer did stop the Jeep when Mr. Payne told him to, but, as the witness related, when Mr. Payne got out of the car and shot the occupants of the Cadillac, nobody knew what he was going to do. (*Id*. Pages 188, 192).

Petitioner cited a case fairly on point with the facts of this case, *Sanders/Miller v. State*, 710 F.2d 645 (10th Cir. 1983), but neither the District Court nor this Court discussed this case. As mentioned in earlier filings, in that case, the defendant had driven her vehicle to the scene of a robbery with the perpetrator in the front seat. Upon arrival, the perpetrator got out of the vehicle, went into the store, and shot the employee five times. He returned to the car and exclaimed, "Let's go. I had to shoot her."

8

Applying Oklahoma Law, this Court found that there was insufficient evidence of aiding and abetting to uphold a First Degree Malice Aforethought Murder.

In *U.S. v. Jones*, 44 F. 3d 860 (10th Cir. 1995), this Court stated:

> "While the jury may draw reasonable inferences from direct or circumstantial evidence, an inference must be more than speculation and conjecture to be reasonable, and 'caution must be taken that the conviction not be obtained by "piling inference on inference." ' *United States v. Butler*, 494 F. 2d 1246, 1252 (10th Cir. 1974) (quoting *Direct Sales Co. v. United States*, 319 U.S. 703, 711, 63 S. Ct. 1265, 1269, 87 L. ed. 1674 (1943))." At 865.

In a Seventh Circuit case, *Piaskowski v. Bett*, 256 F. 3d 687, 693 (7th Cir. 2001), which was a habeas corpus case, the Court stated,

> "Although a jury may infer facts from other facts that are established by inference, each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation." (Citations omitted)

Petitioner urges the Court to re-evaluate the evidence in this case and grant a certificate of appealability, and vacate the verdict or grant him a new trial.

## II. THE ADMISSION OF PREJUDICIAL EVIDENCE RESULTED IN A DENIAL OF THE PETITIONER'S RIGHT TO DUE PROCESS

At Petitioner's trial, the State put on an "expert" witness to testify about gang affiliations, and actions and reactions. There mere fact that

9

Appellant was a member of a gang does not mean that he was the type of individual who would retaliate in such a violent manner as to take another individual's life. This was not merely "state evidentiary questions" about which Petitioner complained; it was fundamental due process fair trial considerations at issue.

Petitioner understands that "state court rulings on admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Duvall v. Reynolds*, 139 F. 3d 768, 787 (10th Cir. 1998). It is Mr. Brewer's contention that the admission of the "gang expert" testimony at his trial did exactly that.

The Oklahoma Court of Criminal Appeals adopted *Daubert*[1] as early as 1995 in *Taylor v. State*, 889 P. 2d 328 (Okla. Crim. 1995), and *Kumho Tire*[2] no later than 2000 in *Gilson v. State*, 2000 OK CR 14, 8 P. 3d 883.

The trial court did not apply any *Daubert/Kumho* analysis. There was no written data supporting the police officer's opinion; no recognized methodologies, no testing, no error rates or standards of any kind. The only thing presented was just the subjective opinion by the officer that gangs retaliate against each other, defendant was a Crip and the victims were

---

[1] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993)
[2] *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137 (1999)

suspected of being Bloods, therefore, the defendant had the specific intent to kill, and further, possessed the knowledge that Payne would shoot them at the time that he did so. How could any court evaluate the reliability of this opinion? It amounts to nothing more than speculation and conjecture.

Petitioner cited two cases in his earlier filings, which he believes are on point with the instant case relating to gang membership. The first was *United States v. Garcia*, 151 F.3d 1243 (9th Cir. 1998), and the second was *Mitchell v. Prunty*, 107 F.3d 1337, 1342 (9th Cir.), *cert. denied*, 118 S.Ct. 295 (1997), overruled in part on other grounds, *Santamaria v. Horsley*, 133 F.3d 1242 (9th Cir. 1988) (en banc). In *Garcia*, the 9th Circuit Court stated:

> We hold that gang membership itself cannot establish guilt of a crime, and a general agreement, implicit or explicit, to support one another in gang fights does not provide substantial proof of the specific agreement required for the conviction of conspiracy to commit assault.
> \*   \*   \*
> . . . Given that circumstantial evidence fails to suggest the existence of an agreement, we are left only with the gang membership as proof that Garcia conspired with fellow Bloods to shoot the three named individuals. **The government points to expert testimony at the trial by a local gang detective, who stated generally gang members have a basic agreement to back one another up in fights, an agreement that requires no advance planning or coordination.** This testimony, which at most establishes one of the characteristics of gangs but not a specific objective of a particular gang, let alone a specific agreement on the part of its members to accomplish an illegal objective, is insufficient to provide proof of a conspiracy to commit assault or other illegal acts." (Emphasis added.)

Petitioner maintains that the opinion of the "gang expert" was the only evidence upon which the jury could have relied to arrive at the verdict in this case. Since the Oklahoma court has adopted the federal standards enunciated in *Daubert/Kumho*, then the court should apply those standards properly. The fundamental framework of the legal system requires that *Daubert* be applied strictly, and when a court fails to do that, error occurs.

**III.   THE MISCONDUCT OF THE PROSECUTORS DENIED THE APPELLANT HIS DUE PROCESS RIGHTS.**

Mr. Brewer realizes that prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of is so egregious as to render the entire proceedings against the defendant fundamentally unfair. *Smallwood v. Gibson*, 191 F.3d 1257, 1276 (10th Cir. 1999), (citing *Donnelly v. De Christoforo*, 416 U.S. 637, 642-48 (1974)). He asks, however, for this Court to re-examine the actions of the assistant district attorneys in this case. Questioning witnesses about their failure to come forward with information is improper. *Deats v. Rodriguez*, 477 F. 2d 1023 (10th Cir. 1973); *United States v. Arnold*, 425 F. 2d 204 (10th Cir. 1970); *United States v. Nolan*, 416 F. 2d 588 (10th Cir. 1969). Prosecutors should not make remarks that inflame the passions of the jurors. *Hawkins v. Mullin*, 291 F. 3d 658 (10th Cir. 2002).

The prosecutor questioned witness KeJuan Reed in a way that placed the prosecutor's own credibility before the jury. A review of pages 193 – 194 of the trial transcript reveals that the prosecutor tried to inject his personal recollection of an interview with the witness as an attempt to impeach him. The prosecutors also improperly created jury sympathy by calling an obviously disabled victim into court, who had no recollection of the events, and his mother to testify how difficult it is to care for her disabled son. The cross-examination of Petitioner was fraught with impropriety. The prosecutor's closing argument was also improper. All of the misconduct engaged in by the prosecuting attorneys resulted in the denial of Petitioner's due process rights. It is his contention that such misconduct had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Wainwright v. Greenfield*, 474 U.S. 284 (1986).

## CONCLUSION

Petitioner believes that he has demonstrated that various points of law were overlooked by the panel, or facts were misunderstood, to the extent that this Court should grant a rehearing before the assigned panel, and that a certificate of appealability should be issued.

                        Respectfully Submitted,

                        */s/ Stanley D. Monroe*
                        Stanley D. Monroe OBA # 6305
                        Attorney for Appellant
                        15 W. 6th Street, Suite 2112
                        Tulsa, Oklahoma 74119
                        918/592-1144

## CERTIFICATION OF CONFORMITY OF PRIVACY POLICY AND OF EMAIL BRIEF AND VIRUS PROTECTION

The undersigned hereby certifies that all required privacy redactions have been made, and with the exception of these redactions, the copy that was electronically transmitted to the Clerk on March 13, 2006, was identical to the hard copy of the brief filed the same day, and that this office uses Macintosh O.S.X.3.9, which has been certified by Apple Computers, Inc. to be free from any virus.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2006, I mailed or delivered a true and correct copy of this brief as follows:

Jay E. Trenary – Jay_Trenary@oag.state.ok.us
Diane L. Slayton – Diane_Slayton@oag.state.ok.us
Office of the Attorney General
2300 N. Lincoln Blvd., Rm 112
Oklahoma City, OK 73105

                                          */s/ Stanley D. Monroe*
                                          Stanley D. Monroe